UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES LLC, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>   Defendant. | Case No. 5:16-cv-01266-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY PENDING REEXAMINATION; DENYING AS MOOT DEFENDANT'S ADMINISTRATIVE MOTION FOR CONTINUANCE OF THE HEARING**<br><br>Re: Dkt. Nos. 128, 161 |

Plaintiffs Personalweb Technologies LLC and Level 3 Communications, LLC (collectively, "Plaintiffs") allege in this action originally filed in the United States District Court for the Eastern District of Texas that Defendant International Business Machines Corporation ("IBM") infringes four of its patents, namely United States Patent No. 6,415,280, No. 6,928,442, No. 7,802,310, and No. 8,099,420 ("the '420 Patent"). Before the action was transferred to this court, IBM instituted a request for ex parte reexamination of one claim of one patent-in-suit - claim 166 of the '420 patent. The United States Patent and Trademark Office ("USPTO") initially granted IBM's request and rejected claim 166 as invalid. However, on May 10, 2016, the USPTO issued an Ex Parte Reexamination Certificate for the '420 patent which confirmed the patentability of claim '166, thereby concluding IBM's reexamination request. Dkt. No. 136.

Presently before the court is IBM's motion to stay this action "pending final resolution of the USPTO's reexamination of claim 166 of the '420 patent, including any appeals therefrom." Dkt. No. 128. Plaintiffs oppose this request. This matter is suitable for resolution without oral

1

Case No.: 5:16-cv-01266-EJD
ORDER DENYING DEFENDANT'S MOTION TO STAY PENDING REEXAMINATION; DENYING AS MOOT DEFENDANT'S ADMINISTRATIVE MOTION FOR CONTINUANCE OF THE HEARING

argument pursuant to Civil Local Rule 7-3. Accordingly, the hearing scheduled for August 18, 2016, is VACATED, and the court finds, concludes and orders as follows:

1. "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a [US]PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). A stay may be "particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were cancelled in the reexamination, would eliminate the need to try the infringement issue." In re Cygnus Telecomms. Tech., LLC Patent Litig., 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).

2. Here, it is important to note that the only ex parte reexamination proceeding pending at the time IBM filed its motion was the one it instituted prior to this action's transfer from the Eastern District of Texas. As noted, that reexamination proceeding has since concluded with a certificate confirming the patentability of the '420 patent, and though IBM has presented additional information since briefing on the motion was completed, it has not shown that there remains pending any appeal from the USPTO's determination. Consequently, the court concludes that a stay of this action is no longer justified based on the sole basis for relief IBM cited in its motion.

3. IBM has notified the court that it instituted an additional ex parte reexamination regarding claim 166 of the '420 patent subsequent to the filing of its motion to stay and after it was notified that its first request was unsuccessful. Dkt. No. 137. But because IBM's abatement request was not and could not have been based on this subsequent reexamination - or, for that matter, on any other reexamination instituted by parties not named in this case - given the way that IBM framed its own pleadings, the court does not consider any other reexamination to be a viable reason to grant relief pursuant to the instant motion.[1] Moreover, though the court is not

---

[1] In any event, the USPTO issued a decision denying IBM's subsequent reexamination request on July 19, 2016. Dkt. No. 159.

2

Case No.: 5:16-cv-01266-EJD
ORDER DENYING DEFENDANT'S MOTION TO STAY PENDING REEXAMINATION; DENYING AS MOOT DEFENDANT'S ADMINISTRATIVE MOTION FOR CONTINUANCE OF THE HEARING

definitively deciding whether such observation applies to these circumstances, the institution of repetitive reexamination requests, in seriatim and after claim construction has occurred, could be construed as merely a device for unjustified delay rather than a valid attempt at streamlining a case for patent infringement.  See Storus Corp. v. AROA Mktg., No. C-06-2454 MMC, 2008 U.S. Dist. LEXIS 112142, at *2, 2008 WL 540785 (N.D. Cal. Feb. 25. 2008).

Accordingly, the Motion to Stay Pending Reexamination (Dkt. No. 128) is DENIED.  The Administrative Motion for Continuance of the Hearing (Dkt. No. 161) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated:  August 9, 2016



EDWARD J. DAVILA
United States District Judge

3

Case No.: 5:16-cv-01266-EJD
ORDER DENYING DEFENDANT'S MOTION TO STAY PENDING REEXAMINATION; DENYING AS MOOT DEFENDANT'S ADMINISTRATIVE MOTION FOR CONTINUANCE OF THE HEARING