Kenneth R. Adamo (*pro hac vice*)
    kradamo@kirkland.com
Brent P. Ray (*pro hac vice*)
    brent.ray@kirkland.com
Elizabeth A. Cutri (*pro hac vice*)
    elizabeth.cutri@kirkland.com
Ryan M. Hubbard (*pro hac vice*)
    ryan.hubbard@kirkland.com
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Lien Dang (SBN 254221)
    lien.dang@kirkland.com
KIRKLAND & ELLIS LLP
3330 Hillview Ave.
Palo Alto, CA  94304
Telephone: (650) 859-7000
Facsimile: (650) 859-7500

*Attorneys for Defendant IBM*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br>Defendant. | Case No. 5:16-cv-1266-EJD<br><br>**IBM'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO PERSONALWEB'S WILLFUL INFRINGEMENT THEORY** |

Pursuant to Fed. R. Evid. 403, IBM moves to preclude PersonalWeb from presenting arguments and evidence at trial related to its claim for willful infringement.

The Court recently granted IBM's motion for partial summary judgment that IBM does not infringe based upon the only theory disclosed in PersonalWeb's infringement contentions and expert reports. PersonalWeb now attempts to move forward with two theories that were not disclosed (if at all) until its summary judgment opposition briefing, well after the asserted patent expired.

Even if IBM is found to infringe under PersonalWeb's new theories, IBM's infringement cannot amount to "egregious misconduct" given the complete pre-expiration lack of notice as to those theories. Without egregious misconduct, there can be no enhanced damages, and any discussion of willful infringement will be a waste of time for the court and jury. In addition, it would be unfairly prejudicial to permit PersonalWeb to argue that it is entitled to enhanced damages based on theories that it failed to disclose or deliberately chose not to disclose.

## I.  BACKGROUND

### A.  *PersonalWeb's Willful Infringement Claim*

PersonalWeb acknowledged at the dispositive motion hearing that its willful infringement claim is <u>entirely</u> based on IBM's "post-filing conduct."[1]  PersonalWeb's interrogatory responses alleged certain post-filing conduct could support a finding that IBM had the subjective intent to infringe:

- **Argument 1:** IBM's infringement was continuous since the filing of the complaint.[2]

- **Argument 2:** Despite "actual notice of infringement," IBM continued to "provide installation, operational support, and instructions for infringing products with the knowledge or willful blindness that its conduct will induce IBM's customers to infringe the Patents-in-Suit."[3]

- **Argument 3:** Some of IBM's claim construction proposals were not adopted by the claim construction order.[4]

---

[1]  Ex. 4, 4/27/17 Hearing Tr. at 71:4–7 ("COURT: I guess as to the damages I'm just curious whether or not your willfulness claims are based on post-filing conduct.  MR. LEE: Yes, your Honor.")

[2]  Ex. 1 (Responses to IBM's Interrogatory No. 10) at 5.

[3]  *Id*. at 6.

[4]  *Id*..

- **Argument 4:** IBM did not inform PersonalWeb of "bona-fide efforts to design-around the claimed invention"[5]

- **Argument 5:** The USPTO found the '420 patent valid over some of IBM's invalidity theories during reexamination proceedings.[6]

- **Argument 6:** IBM "deliberately" sought to "prolong litigation and its infringement through unwarranted litigation tactics," namely by amending its answer (in 2016) to assert inequitable conduct.[7]

- **Argument 7:** IBM "continues its infringement by… instigating burdensome motion practice" by filing a motion to stay in 2016.[8]

IBM moved for summary judgment that it was not liable for willful infringement because, in part, PersonalWeb cannot meet the requirement that willful infringement be based in "egregious misconduct."[9]   IBM specifically rebutted each of the above arguments.[10]   In response, PersonalWeb only relied on Arguments 3 and 5.[11]

Although the Court denied summary judgment on this issue, it acknowledged that "[i]t may very well be that a reasonable factfinder would conclude that, based on this objective evidence, IBM does not subjectively believe it is infringing a valid patent."[12]

### B.    *PersonalWeb's Infringement Theories*

During the lifetime of the patent, PersonalWeb alleged that IBM's TSM software product, **alone**, directly infringed claim 166.[13]   That theory was dismissed as a matter of law on May 18, 2017 by the

---

[5]   *Id.*

[6]   *Id.* at 7.

[7]   *Id.*

[8]   *Id.*

[9]   Dkt. 218 at 15.

[10]   Dkt. 218 at 18–22.

[11]   Dkt. 232 at 23–25; *see also* Dkt. 249 (Order on dispositive motions) at 33 ("PersonalWeb, on the other hand, points out that IBM's noninfringement defenses have been rejected in prior cases and that the patentability of claim 166 was ultimately confirmed by the U.S. Patent and Trademark Office during reexamination.")

[12]   Dkt. 249 at 33.

1   Court's partial summary judgment ruling.[14]   Now, PersonalWeb is now left arguing several different

2   theories first disclosed during summary judgment briefing, after the expiration of the '420 patent:  (1)

3   that IBM directly infringes when—if ever—it sells TSM software with hardware to run that software;

4   (2) that IBM indirectly infringes through its sales and offers to sell TSM software.[15]

5        PersonalWeb disclosed neither theory during the lifetime of the '420 patent.  PersonalWeb

6   suggested it was always alleging direct infringement based on sales of TSM with hardware, but if that

7   were the case, its damages expert would have performed a calculation of damages based on those sales

8   (to the extent they exist).  Instead, Dr. Akemann made no distinction between sales of TSM software

9   with or without hardware.[16]  Further, this Court has already observed that PersonalWeb failed to disclose

10  any theories of indirect infringement in its contentions or its expert report.[17]

11       The only other argument still remaining in this case is that IBM allegedly infringes when it uses

12  TSM itself.  But PersonalWeb has no damages proof on this alleged infringement, as PersonalWeb's

13  expert calculated damages solely based on sales of TSM, without reference to the value of IBM's own

14  use of its own product.

15  **II.    LEGAL STANDARD**

16       Federal Rule of Evidence 401 provides that evidence is relevant "if it has a tendency to make a

17  fact more or less probable" and "the fact is of consequence in determining the action."

18       Federal Rule of Evidence 403 gives the court discretion to exclude relevant evidence "if its

19  probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues,

20  misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R.

21  Evid. 403.

---

[13]  *See, e.g.*, Am. Compl. at ¶ 45 (accusing "Tivoli Storage Manager" without reference to any hardware); Ex. 2 (Reiher Rpt., excerpted) at ¶ 36 ("[M]y opinion is that the TSM product infringes Claim 166 of the '420 patent.")

[14]  Dkt. 249 at 22.

[15]  Dkt. 232 at 13–14, 19–20.

[16]  Ex. 3 (Exhibit 3 to Akemann Rpt., redacted), previously filed in unredacted form under seal as Exhibit 16 to Dkt. 234.

[17]  Dkt. 249 at 27.

IBM'S MOTION *IN LIMINE* TO EXCLUDE                                                3                                        5:16-cv-1266-EJD
EVIDENCE AND ARGUMENT RELATING TO
PERSONALWEB'S WILLFUL INFRINGEMENT
THEORY

Where a patent expires during litigation, the "alleged willful infringement [can] only cover a time period from… the filing of [the] lawsuit [to]… the patent's expiration date." *See Sentius Int'l, LLC v. Microsoft Corp.*, 78 F. Supp. 3d 967, 976 n.59 (N.D. Cal. 2015).

## III. ARGUMENT

### A. Arguments 1–4 Should Be Excluded As Prejudicial And Wastes Of Time In Light Of The Court's Summary Judgment Order

The party seeking enhanced damages bears the burden of proof.[18]  Under *Halo*, the Court has discretion to award enhanced damages for subjective willfulness, intentional or knowing, in "egregious cases of misconduct beyond typical infringement."[19]  In determining subjective willfulness, the question is whether the risk of infringement was "either known or so obvious that it should have been known to the accused infringer."[20]  The Federal Circuit has since made clear that knowledge of the patent alleged to be willfully infringed is also a prerequisite to enhanced damages.[21]

Arguments 1–4—that IBM's alleged infringement was continuous after the complaint was filed, that it had notice of infringement, that some of its claim construction arguments were rejected, and that IBM did not inform PersonalWeb of attempts to design around—are all based on an assumption that IBM's noninfringement defenses were *per se* subjectively unreasonable.  These arguments should be excluded.

*First*, allowing these arguments to go to trial would mislead and confuse the jury, as well as be a waste of time because they cannot support enhanced damages.  Although the Court denied summary judgment on willfulness, the Court's ruling actually confirmed that IBM's noninfringement defenses *are* reasonable.  The **only infringement theory** PersonalWeb disclosed prior to the expiration of the patent—direct infringement by TSM software—**was explicitly rejected**.[22]  IBM had no subjective intent

---

[18] *Id*. at 1934.

[19] *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016) (internal quotation and citation omitted).

[20] *WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358, 1362 (Fed. Cir. 2016) (internal quotation and citation omitted).

[21] *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016).

[22] Dkt. 249 at 22.

IBM'S MOTION *IN LIMINE* TO EXCLUDE                    4                    5:16-cv-1266-EJD
EVIDENCE AND ARGUMENT RELATING TO
PERSONALWEB'S WILLFUL INFRINGEMENT
THEORY

to willfully infringe in the way that PersonalWeb now alleges because PersonalWeb did not attempt to identify any theories of indirect infringement or purported acts thereof until after the patent expired.  At minimum, because PersonalWeb's current infringement theories were only disclosed *after* any indirect infringement actually occurred, none of the alleged post-filing conduct PersonalWeb points to can amount to "egregious misconduct beyond typical infringement," *i.e.*, conduct that can be described as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate."[23]  Without egregious misconduct, PersonalWeb is not entitled to enhanced damages, making any discussion of willful infringement at trial misleading and confusing to the jury, as well as a waste of the Court's time and resources.[24]

Even if PersonalWeb argues that it accused IBM of infringing through its own use of TSM prior to the patent expiring, PersonalWeb's willful infringement arguments remain a waste of the Court's time:  PersonalWeb has not alleged any damages stemming from IBM's own use of TSM, so there is nothing to "enhance."

***Second***, IBM would be unfairly prejudiced if PersonalWeb were permitted to argue that IBM somehow willfully infringed the '420 patent based on theories that were not disclosed until after that patent expired.  PersonalWeb's new direct infringement theory that IBM infringes based on sales of TSM software *with* hardware was never in the case.  And, as the Court observed, PersonalWeb "deliberately chose not to disclose any theories of indirect infringement" prior to the summary judgment briefing.[25]

***Third***, PersonalWeb's deficient damages calculations further warrant exclusion for the same reasons as above.  PersonalWeb never disclosed—neither during discovery nor summary judgment briefing—any damages calculations based on PersonalWeb's new theories of direct infringement (TSM software with hardware) or indirect infringement.  PersonalWeb therefore cannot prove any damages, let

---

[23]   *Halo*, 136 S. Ct. at 1932.
[24]   *Id*. at 1935.
[25]   Dkt. 249 at 27.

alone enhanced damages on these theories.[26]   It would unfairly prejudice IBM to defend against enhanced damages on nebulous calculations that will be unsupported by any expert testimony.  And, as above, any presentation of on willfulness risks misleading and confusing the jury and wasting the Court's time, as there are no damages to enhance.

It would be fundamentally unfair to award enhanced damages based on underlying infringement theories that PersonalWeb either failed to disclose or deliberately withheld.

**B.    *Argument 5 Should Be Excluded For The Same Reason As Arguments 1–4***

If IBM did not subjectively believe it was infringing the '420 patent, as the Court's order granting partial summary judgment of noninfringement supports, then IBM's subjective belief as to the validity of the '420 patent is irrelevant.

**C.    *Arguments 6–7 Should Be Excluded As Irrelevant And Wastes Of Time***

PersonalWeb alleges that IBM is liable for willful infringement because it engaged in "burdensome motion practice" and because it amended its answer during litigation.  The underlying motions and amendment PersonalWeb points to all relate to IBM's conduct in 2016, *after* the patent expired.  Any such conduct can have had no effect on IBM's alleged infringement, and is therefore irrelevant to the issue of willful infringement.[27]

Even if post-expiration conduct were somehow relevant, "burdensome motion practice" and amending an answer on an unopposed motion for leave to amend is not misconduct, much less "egregious" misconduct "beyond typical infringement."[28]   Nor can anything PersonalWeb points to be described as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate."[29]   Indeed, PersonalWeb failed to even defend either arguments 6 or 7 in opposing IBM's summary judgment motion.[30]

---

[26]   Ex. 3 (Exhibit 3 to Akemann Rpt.)
[27]   *See Sentius Int'l, LLC v. Microsoft Corp.*, 78 F. Supp. 3d 967, 976 n.59 (N.D. Cal. 2015) (granting summary judgment of no willful infringement).
[28]   *Halo*, 136 S. Ct. at 1935.
[29]   *Id.* at 1932.
[30]   Dkt. 232 at 23–25.

IBM'S MOTION *IN LIMINE* TO EXCLUDE                               6                               5:16-cv-1266-EJD
EVIDENCE AND ARGUMENT RELATING TO
PERSONALWEB'S WILLFUL INFRINGEMENT
THEORY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.   CONCLUSION

PersonalWeb should not be permitted to seek enhanced damages based on theories that it obfuscated or deliberately withheld for the lifetime of the '420 patent.  Nor should PersonalWeb be allowed to mislead and confuse the jury or waste the jury's time arguing about irrelevant events that occurred after the patents expired.  The court should preclude these theories and any supporting evidence under FRE 401 and 403.


Dated:  June 7, 2017

/s/ Kenneth R. Adamo
Kenneth R. Adamo  (pro hac vice)
   kradamo@kirkland.com
Brent P. Ray   (pro hac vice)
   brent.ray@kirkland.com
Elizabeth A. Cutri   (pro hac vice)
   elizabeth.cutri@kirkland.com
Ryan M. Hubbard  (pro hac vice)
   ryan.hubbard@kirkland.com
**KIRKLAND & ELLIS LLP**
300 N. LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Lien Dang (SBN 254221)
   lien.dang@kirkland.com
**KIRKLAND & ELLIS LLP**
3330 Hillview Ave.
Palo Alto, CA  94304
Telephone: (650) 859-7000
Facsimile: (650) 859-7500

*Attorneys for Defendant IBM*

## **CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on the 7th day of June, 2017.

*/s/ Kenneth R. Adamo*
Kenneth R. Adamo
