UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES LLC, et al., | Case No. 16-cv-01266-EJD |
| Plaintiffs, | **ORDER DENYING IBM'S MOTION TO VACATE ORDER OF JULY 28, 2017, OR, IN THE ALTERNATIVE, TO RE-SET SECHEDULES, AND FOR CONTINUED TRIAL DATE** |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | |
| Defendant. | Re: Dkt. No. 353 |

Before the Court is Defendant International Business Machines Corp.'s ("IBM") motion to vacate the Court's July 28, 2017 order granting Plaintiffs Personal Web Technologies et al.'s ("PersonalWeb") motion for leave to supplement the expert report of Dr. Akemann (Dkt. No. 352) ("Order"), or, in the alternative, to re-set schedules, and to set a continued trial date. Dkt. No. 353.

Having carefully reviewed IBM's motion, the Court finds that neither vacating its Order nor resetting schedules is warranted. The Court's Order is not a reconsideration of its ruling on the reliability of Dr. Akemann's opinions as currently disclosed, but a narrow accommodation—utilized by other courts in this District and others—which the Court granted in its discretion while exercising its role as gatekeeper. *United States v. Redlightning*, 624 F.3d 1090, 1111 (9th Cir. 2010) ("The trial judge must perform a gatekeeping function to ensure that the expert's proffered testimony."); *cf. Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S. Ct. 1167, 1176, 143 L. Ed. 2d 238 (1999) ("[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable."). IBM's reasons for extending the Order's schedule or delaying trial are unavailing, as Dr. Kearl is not

1

required to supplement his report and the Court's Order explicitly grants Dr. Kearl permission to testify beyond the scope of his report for the purposes of responding to Dr. Akemann's supplemental report. Dkt. No. 352 at 2. Further, to the extent IBM believes it is impossible for Dr. Akemann to acceptably supplement his report, the Order provides that IBM may renew its motion to exclude. *Id*. Such measures adequately account for any potential inconveniences to IBM and anything further would be, in IBM's own words, "luxury." Dkt. No. 353 at 6. IBM's motion is therefore DENIED.

**IT IS SO ORDERED.**

Dated: July 31, 2017

EDWARD J. DAVILA
United States District Judge