United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant. | Case No. 16-cv-01266-EJD <br><br> **ORDER DENYING IBM'S RENEWED MOTION TO EXCLUDE/STRIKE THE OPINIONS OF DR. MICHAEL AKEMANN** <br><br> Re: Dkt. No. 364 |

Before the Court is Defendant International Business Machines Corp.'s ("IBM") motion to exclude and strike the opinions of Plaintiffs PersonalWeb Technologies, LLC et al.'s ("PersonalWeb") damages expert, Dr. Michael Akemann. Dkt. No. 354. For the reasons discussed below, IBM's motion is DENIED.

## I. BACKGROUND

On July 26, 2017, the Court granted IBM's motion to exclude the opinions of Dr. Akemann in part because he did not reliably apportion for the value of the '420 patent from the portfolio patents that were the subject of the licenses he relied on. Dkt. No. 345 at 5-7. On July 28, 2017, PersonalWeb moved for leave to submit a supplemental report from Dr. Akemann to cure the deficiencies in his apportionment analysis. *See* Dkt. No. 348. The Court granted PersonalWeb's motion for that limited purpose. Dkt. No. 352. The Court's order provided that Dr. Akemann was not permitted to give new opinions, but was allowed clarify his methodology and conclusion that there should be a "substantial downward adjustment" that is "not necessarily .

Case No.: 16-cv-01266-EJD
ORDER DENYING IBM'S RENEWED MOTION TO EXCLUDE/STRIKE THE OPINIONS OF DR. MICHAEL AKEMANN

1

. . too large" to account for apportionment. *Id.*

Dr. Akemann served a supplemental report on July 31, 2017 and was deposed by IBM on August 3, 2017. Dkt. Nos. 365-5, 365-6, 367-3. In his supplemental report, Dr. Akemann used forward citation analysis to derive a quantitative factor by which the value of the '420 patent could be apportioned. Dkt. No. 365-5. In particular, Dr. Akemann opined that because the "Truename patents" in the portfolio were "all built on the same core invention and ideas that, from an economic perspective, have substantially overlapping value . . . the value of the '420 patent is less than the value of the portfolio as a whole, but is comprised of the core overlapping value of the Truename patents plus the incremental value associated with that specific patent." *Id.* ¶ 10. He implemented this theory by picking the three Truename patents that issued "substantially earlier" than the other Truename patents, interpreting their forward citations as representing the "core overlapping value" of the Truename patents, and combining this with the forward citations for the '420 patent (which he interpreted as representing the "incremental value" of the '420 patent) to arrive at a percentage for the apportioned value of the '420 patent. *Id.* ¶¶ 18-19.

## II. DISCUSSION

IBM attacks Dr. Akemann's supplemental report on two grounds: (1) it discloses new opinions that should be excluded under Federal Rules of Civil Procedure 26 and 37; and (2) it is unreliable under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Court finds neither of these persuasive.

First, IBM argues that Dr. Akemann's supplemental report discloses new opinions because it includes a new, quantitative apportionment analysis and relies on new considerations relating to terminal disclaimers and post-grant proceedings. Mot. 1-2, Dkt. No. 364. The Court disagrees. Dr. Akemann's supplemental report reaches the same conclusion from his original report that there should be a "substantial downward adjustment" that is "not necessarily . . . too large" to account for apportionment. *See* Dkt. No. 365-5 ¶¶ 19-20. His quantitative apportionment analysis and discussion of terminal disclaimers and post-grant proceedings clarify what this "adjustment" is

and reasonably elaborate on how he reached his conclusion that it should be "substantial[ly] downward" but "not necessarily . . . too large." As such, it falls within the scope of supplementation that the Court's July 28 order permitted.

Second, IBM argues that the opinions in Dr. Akemann's supplemental report are unreliable because (1) his ultimate conclusion relies on the same final royalty amount from his original report, and (2) his new quantitative apportionment analysis is unreliable. Mot. 2-3, Dkt. No. 364. The Court disagrees on both points. As to Dr. Akemann's final royalty amount, the Court finds that this does not render Dr. Akemann's opinions unreliable. In Dr. Akemann's original report, he came up with a "range of lump sum royalties comparable to the Hypothetical License royalty" and then picked a final royalty amount as a "conservative" figure that was "somewhat below the midpoint of the range." Dkt. No. 309-8 ¶ 203. Although it is possible that Dr. Akemann could have chosen his final number in a more rigorous way, he still used a sufficiently reasoned approach (i.e., using the midpoint of a range). At trial, IBM can cross-examine Dr. Akemann on this choice and the jury will be able to assess the credibility of his opinion. It is not a grounds for exclusion at this stage.

As to Dr. Akemann's quantitative apportionment analysis, the Court also does not find that this is unreliable. Dr. Akemann's report walks through the reasons for his opinion that the value of the '420 patent should include some "core overlapping value," Dkt. No. 309-8 ¶¶ 3-11, and he also gives an explicit reason for why he selected the three patents he did as representing this value—they "issued substantially earlier than the other[s]," *id*. ¶ 18. Whether there truly is some "core overlapping value" and whether the three patents selected accurately capture that value are factual issues that IBM can explore on cross-examination. Indeed, in assessing the opinions of IBM's own damages expert, the Court found that similar types of factual assumptions did not warrant exclusion. *See* Dkt. No. 343 at 4 ("Plaintiffs hone in on a factual assumption—that the patents . . . are sufficiently distinct . . . that a citation to one does not suffice as a citation to all. Whether this assumption was accurate . . . is something that Plaintiffs can explore on cross-

1  examination."). The Court reaches this same result here.

2  Accordingly, Dr. Akemann's opinions, as disclosed in his original December 9, 2016
3  report and supplemented in his July 31, 2017 report, should not be excluded under either Rules 26
4  and 37 or Rule 702/*Daubert*. Dr. Akemann will be permitted to testify consistent with these
5  disclosed opinions.

**IT IS SO ORDERED.**

Dated: August 7, 2017

EDWARD J. DAVILA
United States District Judge